ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTÉLUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3500 W. Beverly Blvd.
Montebello, CA 90640
Tel: (323) 725-0917; Fax: (323) 725-0350
Email: acasillas@casillaslegal.com

JONATHAN D. MELROD, ESQ., SBN 136441
1313 Scheibel Ln.
Sebastopol, CA 95472
Tel: (415) 806-0154
Email: jonathan4536@sbcglobal.net

WILLIAM M. SIMPICH, JR., ESQ., SBN 106672
1736 Franklin St., 10th Floor
Oakland, CA 94612
Tel: (510) 444-0226
Email: bsimpich@gmail.com

Attorneys for Plaintiffs, ESTATE OF AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ; JUAN PEREZ, individually; MARGARITA LOPEZ PEREZ, individually

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ; JUAN PEREZ, individually; MARGARITA LOPEZ PEREZ, individually; <br><br> Plaintiffs, <br><br> vs. | ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO.  3:15-cv-01846 HSG** <br><br> **STIPULATION OF THE PARTIES FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

1

CHIEF OF POLICE GREG SUHR;               )
CITY AND COUNTY OF SAN                    )
FRANCISCO; SAN FRANCISCO                  )
POLICE DEPARTMENT; OFFICER                )
CRAIG TIFFE (Badge No. 1312);            )
OFFICER ERIC REBOLI (Badge No.           )
1651), and DOES 1 to 10,                 )
                                          )
                    Defendants.           )
_____          )

**TO CLERK OF THE COURT:**

    **IT IS HEREBY STIPULATED** by the parties, Plaintiffs ESTATE OF

AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ

and MARGARITA LOPEZ PEREZ; JUAN PEREZ, individually; MARGARITA

LOPEZ PEREZ, individually (hereinafter collectively "Plaintiffs"), by and through

Plaintiffs' attorneys of record, Arnoldo Casillas and Denisse O. Gastélum, and

Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO

POLICE DEPARTMENT), GREG SUHR, CRAIG TIFFE, and ERIC REBOLI

 (hereinafter collectively "Defendants"), by and through their attorney of record, Peter

J. Keith and Elizabeth Pederson, that Plaintiffs shall be granted leave to file

Plaintiffs' Second Amended Complaint in the form attached hereto as Exhibit "1".

The parties, by and through their respective attorneys of record, also hereby stipulate

that the attached proposed Second Amended Complaint (Exhibit "1") be deemed to

be the amended pleading and that it be deemed filed and served as of the date the

order is signed.

    The parties, by and through their respective attorneys of record, further

stipulate that Defendants shall be given thirty (30) days as of the date the order is

signed to file and serve a responsive pleading.

**STIPULATION OF THE PARTIES FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

1   The parties, by and through their respective attorneys of record, further

2  stipulate that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint,

3  currently set for hearing on January 21, 2016 at 2:00 p.m. at Courtroom 15, 18th

4  Floor, 450 Golden Gate Avenue, San Francisco CA 94102,  be taken off calendar as

5  moot.

6       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8  Dated: December 2, 2015            CASILLAS & ASSOCIATES

9
                                     By: */s/ Denisse O. Gastélum*_____
10                                    ARNOLDO CASILLAS
                                      DENISSE O. GASTÉLUM
11                                    Attorneys for Plaintiffs, ESTATE OF
12                                    AMILCAR PEREZ LOPEZ, by and through
                                      successors in interest, JUAN PEREZ and
13                                    MARGARITA LOPEZ PEREZ; JUAN
14                                    PEREZ, individually; MARGARITA LOPEZ
                                      PEREZ, individually
15

16
17  Dated:  December 2, 2015          DENNIS J. HERRERA
                                      City Attorney
18                                    CHERYL ADAMS
                                      Chief Trial Deputy
19                                    PETER J. KEITH
20                                    ELIZABETH PEDERSON
                                      Deputy City Attorneys
21

22                                    By:*/s/Peter J. Keith*_____
                                      PETER J. KEITH
23                                    Attorneys for Defendants
24                                    CITY AND COUNTY OF SAN FRANCISCO
                                      (including SAN FRANCISCO POLICE
25                                    DEPARTMENT),GREG SUHR, CRAIG
                                      TIFFE, and ERIC REBOLI
26

27

28
                                    3

ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTÉLUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3500 W. Beverly Blvd.
Montebello, CA 90640
Tel: (323) 725-0917; Fax: (323) 725-0350
Email: acasillas@casillaslegal.com

JONATHAN D. MELROD, ESQ., SBN 136441
1313 Scheibel Ln.
Sebastopol, CA 95472
Tel: (415) 806-0154
Email: jonathan4536@sbcglobal.net

WILLIAM M. SIMPICH, JR., ESQ., SBN 106672
1736 Franklin St., 10th Floor
Oakland, CA 94612
Tel: (510) 444-0226
Email: bsimpich@gmail.com

Attorneys for Plaintiffs, ESTATE OF AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ; JUAN PEREZ, individually; MARGARITA LOPEZ PEREZ, individually

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ; JUAN PEREZ, individually; MARGARITA LOPEZ PEREZ, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> CHIEF OF POLICE GREG SUHR; CITY AND COUNTY OF SAN | **CASE NO.  3:15-cv-01846 HSG** <br><br> **SECOND AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Excessive Force/Unreasonable Seizure (42 U.S.C. § 1983) <br> 2. Municipal Liability for Unconstitutional Customs and Practices  (42 U.S.C. § 1983) <br> 3. Supervisory Liability for Ratification and Failure to Train, Supervise, and Discipline (42 U.S.C. § 1983) |

FRANCISCO; SAN FRANCISCO
POLICE DEPARTMENT; OFFICER
CRAIG TIFFE (Badge No. 1312);
OFFICER ERIC REBOLI (Badge No.
1651), and DOES 1 to 10,

                    Defendants.
_____

4.  Interference with Familial Integrity
    Substantive Due Process Violation
    (42 U.S.C. § 1983)
5.  Assault & Battery
6.  Wrongful Death
7.  Survivorship

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs ESTATE OF AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ, and JUAN PEREZ, and MARGARITA LOPEZ PEREZ, individually, and allege as follows:

### INTRODUCTION

1.      This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of Amilcar Perez Lopez by Officer Craig Tiffe and Officer Eric Reboli of the San Francisco Police Department. This civil rights action further seeks to establish the violations of fundamental rights under the United States Constitution in connection with the killing of Amilcar Perez Lopez on or about February 26, 2015.

2.      Amilcar was a humble and hardworking young man, who wanted nothing more in life than to provide for his parents.  His death has been a profound and unimaginable loss to his parents, the present Plaintiffs.

3.      Without justification or cause, Defendants Officer Tiffe and Officer Reboli shot and killed Amilcar when they shot five (5) rounds of ammunition into the back of his body and one round into the back of his head as Amilcar ran away from them.  This coldblooded shooting was absolutely unjustified and it is Plaintiffs' goal

1  to show that the cowardly killing of Amilcar was a senseless and unwarranted act of

2  police abuse.

3  **JURISDICTION AND VENUE**

4       4.     This civil action is brought for the redress of alleged deprivations of

5  constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth

6  and Fourteenth Amendments of the United States Constitution.  Jurisdiction is

7  founded on 28 U.S.C. §§ 1331, 1343, and 1367.

8       5.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because

9  Defendants reside in, and all incidents, events, and occurrences giving rise to this

10  action occurred in the City and County of San Francisco, California.

11       6.     With respect to Plaintiffs' supplemental state claims, Plaintiffs request

12  that this Court exercise supplemental jurisdiction over such claims as they arise from

13  the same facts and circumstances which underlie the federal claims.

14  **PARTIES**

15       7.     Decedent Amilcar Perez Lopez was an individual residing in the City

16  and County of San Francisco, California.  The claims made by the ESTATE OF

17  AMILCAR PEREZ LOPEZ, are brought by Juan Perez and Margarita Perez Lopez,

18  the successors in interest to the Estate of Amilcar Perez Lopez pursuant to California

19  Code of Civil Procedure § 377.32.

20       8.     Plaintiffs JUAN PEREZ and MARGARITA PEREZ LOPEZ, are and

21  were, at all times relevant hereto, the natural father and mother of decedent Amilcar

22  Perez Lopez.

23       9.     Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter

24  "SAN FRANCISCO") is and was, at all relevant times hereto, a public entity, duly

25  organized and existing under and by virtue of the laws of the State of California, with

26  the capacity to sue and be sued.  Defendant SAN FRANCISCO is responsible for the

27  actions, omissions, policies, procedures, practices and customs of its various agents

28

3

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

and agencies.  SAN FRANCISCO owns, operates, manages, directs and controls Defendant SAN FRANCISCO POLICE DEPARTMENT (hereinafter also "SFPD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant SAN FRANCISCO was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including SFPD employees, complied with the laws and the Constitutions of the United States and of the State of California.

10.    Defendant Chief of Police GREG SUHR (hereinafter "CHIEF SUHR") is and was, at all relevant times hereto, an individual and the Chief of Police of the San Francisco Police Department.

11.    Defendant Officer CRAIG TIFFE (hereinafter "TIFFE") is a police officer working for the San Francisco Police Department.  Defendant TIFFE is sued in his official and individual capacity.   At all times relevant to the present action, Defendant TIFFE was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant SAN FRANCISCO, as well as under the color of the statutes and regulations of the State of California.

12.    Defendant Officer ERIC REBOLI (hereinafter "REBOLI") is a police officer working for the San Francisco Police Department.  Defendant REBOLI is sued in his official and individual capacity.   At all times relevant to the present action, Defendant REBOLI was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant SAN FRANCISCO, as well as under the color of the statutes and regulations of the State of California.

13.    At all relevant times, each of DOES 1 through 10 were employees of the SFPD. At all times relevant herein, each of DOES 1 through 10 was an employee and/or agent of Defendant SAN FRANCISCO and he or she acted under color of law,

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant SAN FRANCISCO and the SFPD, as well as under the color of the statutes and regulations of the State of California.

14.     At all relevant times, each of the Defendants DOES 1 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of SAN FRANCISCO and is sued in their individual capacities.

15.     On information and belief, at all relevant times, Defendants TIFFE and REBOLI, and DOES 1 through 10, inclusive, were residents of the City of San Francisco, California.

16.     The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

17.     Defendants DOES 6 through 10 were also duly appointed police officers, sergeants, lieutenants, detectives, or other supervisors, officials, executives and/or policymakers of SFPD, a department and subdivision of Defendant SAN FRANCISCO, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant SAN FRANCISCO, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

18.     Defendants DOES 1 through 3 are supervisorial employees for Defendant SAN FRANCISCO who were acting under color of law within the course and scope of their duties as police officers for Defendant SAN FRANCISCO. Defendants DOES 1 through 3 were acting with the complete authority and ratification of their principal, Defendant SAN FRANCISCO.

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

19.     Defendants DOES 4 through 10 are managerial, supervisorial, and policymaking employees of Defendant SAN FRANCISCO, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Defendant SAN FRANCISCO. Defendants DOES 9 and 10 were acting with the complete authority and ratification of their principal, Defendant SAN FRANCISCO.

20.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of the Defendants is the agent of the other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

22.     Amilcar Perez Lopez was born on July 27, 1994, and was only 20 years old at the time of his death.  He was five feet and three inches tall and weighed 131 pounds.

6

23.     On or about February 26, 2015, at approximately 9:54 p.m., Amilcar Perez Lopez was walking to his apartment when he was confronted by a man, who began following and taunting him.  An altercation ensued between the man and Amilcar.  The altercation subsided and Amilcar began walking northbound on the east sidewalk of Folsom Street. As he walked home, Officer TIFFE and Officer REBOLI surreptitiously rushed at Amilcar from behind.  One of the officers grabbed Amilcar Perez Lopez and secured a bear-hug hold around Amilcar's petite upper body.  Because TIFFE and REBOLI wore civilian clothing, and did not identify themselves, Amilcar was not able to determine that the men were police officers. Amilcar broke free by wriggling out from the officer's hold.  Amilcar fled toward the street between two vehicles parked at the east curb of Folsom Street.

24.     As he fled from them, TIFFE and REBOLI pointed their firearms at the small undersized 20-year-old male running away from them.  One of the officers shot five bullets into Amilcar's back and the other officer fired one bullet into the back of Amilcar's head. Amilcar had run only a couple of feet before he was shot and killed in cold blood by Officer TIFFE and Officer REBOLI.

25.     That same evening, CHIEF SUHR, alongside other SFPD officers, supervisors and officials, arrived at the scene and began their investigation of the shooting.  Throughout the entire investigation, Amilcar's body lay dead on the street as blood and brain matter seeped from his remains.  At the conclusion of the investigation, CHIEF SUHR declared to a local news station while holding his right hand up near his face and clasping his hand as if holding a knife that Amilcar had "lunged at the officer with a knife overhead.  [The officer] fired five shots.  The original initiating officer fired one."

26.     In the following days, CHIEF SUHR and various SFPD officers, supervisors and officials conducted further investigations into the shooting of

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  Amilcar Perez Lopez.  An autopsy was also performed by the City and County of San
2  Francisco Office of the Medical Examiner.

3       27.    Notwithstanding the unequivocal physical evidence from the autopsy
4  clearly indicating that Amilcar Perez Lopez had been shot in the back and the
5  corroborating statements from two eye witnesses, CHIEF SUHR falsely declared at a
6  town hall meeting on March 2, 2015, that "the officers were approximately 5 to 6 feet
7  away when the suspect charged at one of the officers with the knife raised over head.
8  Both officers discharged their firearms."  CHIEF SUHR went as far as to present a
9  diagram to indicate the SFPD's official and false version of the shooting.  CHIEF
10  SUHR knowingly misinterpreted the facts in a concerted effort to cover up the
11  cowardly acts of Officer TIFFE and Officer REBOLI.

12       28.    Defendants TIFFE and REBOLI killed Amilcar Perez Lopez without
13  justification. The shooting and killing of Amilcar Perez Lopez was without
14  provocation, cause or necessity as Amilcar Perez Lopez did not pose a threat or
15  represent a danger of any nature to anyone, including Defendants TIFFE and
16  REBOLI, at the time of the shooting.  Amilcar Perez Lopez was running away from
17  what he believed were two unfamiliar men threatening to hurt him.  He was shot in
18  the back as he fled from the officers. Accordingly, the shooting and killing of
19  Amilcar Perez Lopez was unjustified and this use of force was unwarranted and
20  excessive under the circumstances.

21       29.    Defendants SAN FRANCISCO and CHIEF SUHR were long aware of
22  the propensity of their police officers, including Defendants TIFFE and REBOLI, to
23  callously and recklessly use excessive force against members of the public,
24  particularly targeting minority groups, and to engage in deceitful misconduct:

25       a.     In 2009, a federal lawsuit was filed against Defendants TIFFE and
26              REBOLI by plaintiff, David Magana.  The lawsuit alleged that on March
27              30, 2008, Defendants TIFFE and REBOLI beat Magana repeatedly in

28

8

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

the head with a baton causing him to bleed profusely.  The lawsuit alleged federal civil rights violations, as well as state claims for assault and battery and the negligent training and supervision by the SAN FRANCISCO and the SFPD.  The lawsuit resolved in a settlement.

b.   As far back as 2004, REBOLI demonstrated unfitness to work as a peace officer when he beat a man unconscious in an elevator while serving as a security guard at the Sir Francis Drake Hotel, located in San Francisco.  The SAN FRANCISCO, SFPD, and CHIEF SUHR were aware of this attack having conducted a background check on REBOLI.

c.   Currently, 13 SFPD officers are being investigated for racist and homophobic text messages targeting African- Americans, Latinos, Asians and homosexuals.  These acts further evidence the racist and extremist culture existing amongst SFPD police officers.

d.   In February of 2015, a video surfaced capturing SFPD Officer Raymond Chu hit and kick a homeless man sleeping on a public bus.

e.   In January of 2015, D'Paris Williams, a college student, was severely beaten by SFPD police officers Gregory Skaug, Milen Banegas and Theodore Polvina.  The officers brutally beat D'Paris for riding his bike on a sidewalk in Valencia Gardens.

f.   In January 2015, a video captured an unnamed SFPD officer shoving a handicapped man sitting on a wheelchair into the street.

g.   On October 7, 2014, O'Shaine K. Evans was unlawfully shot and killed by SFPD officer David Goff.  O'Shaine K. Evans was sitting in his vehicle when he was shot seven times.

h.   In March of 2014, Alejandro Nieto was unlawfully shot and killed by several unnamed SFPD police officers.  Similar to the investigation surrounding the shooting and killing of Amilcar Perez Lopez, the

9

investigation into the shooting of Alejandro Nieto uncovered physical evidence contradicting the SFPD's version of events.  A lawsuit is pending regarding this incident.

i.   In February of 2014, federal indictments were filed against six SFPD officers for constitutional rights violations, extortion, perjury, and falsification of police reports.  These acts targeted members of several San Francisco communities, including Mission District where Amilcar Perez Lopez was shot and killed.

j.   On February 7, 2013, Kevin Clark, an 18-year old college student, was brutally beaten by numerous unnamed SFPD police officers.

k.   On July 16, 2013, Kenneth Harding was unlawfully shot and killed by SFPD police officers Matthew Lopez and Richard Hastings for allegedly failing to pay a $2.00 transit fare.

l.   In February of 2012, video footage captured an unnamed SFPD officer repeatedly punching a subdued suspect.  Despite the video footage, SFPD Sergeant Michael Andraychak ratified the conduct during a press conference.

m.   In March of 2011, SFPD Officer Razzak was found guilty as a result of an FBI investigation regarding unlawful searches and seizures which were captured of footage.

n.   In May of 2008, SAN FRANCISCO reached a settlement with kindergarten teacher, Kelly Medora, as a result of the excessive force used against her person by SFPD Officer Christopher Damonte.

o.   The San Francisco Chronicle, held a series of articles titled "*Use of Force*" which documented use-of-force incidents by SFPD police officers.   The series reports that a core group of roughly 100 officers, out of a force of 2,200, is accountable for 25 percent of the uses of force

10

logged between 1996 and 2004. The series further reports that in any given year, two-thirds to three-quarters of the department's officer's report using no force at all.

## FIRST CLAIM FOR RELIEF

### Excessive Force/Unreasonable Seizure

### 42 U.S.C. § 1983

### As Against Defendants C. TIFFE, E. REBOLI, and DOES 1 through 10

30.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

31.     Defendants TIFFE and REBOLI's actions described herein violated Plaintiff AMILCAR PEREZ LOPEZ's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Amilcar Perez Lopez to unreasonable searches and seizures of his person.

32.     At the time Amilcar Perez Lopez was shot and killed, he was not engaging in any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, Amilcar Perez Lopez posed no danger or threat to Defendants TIFFE and REBOLI, or anyone else. The shooting and killing of Amilcar Perez Lopez was unreasonable under the circumstances in every respect.

33.     These actions violated Amilcar Perez Lopez's right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

34.     The violation of Plaintiffs' Fourth Amendment rights occurred pursuant to a policy, custom, or practice, maintained by SAN FRANCISCO of subjecting private citizens to unreasonable searches and seizures in violation of the Fourth Amendment to the United States.

///

///

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

35.     Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

36.     The unauthorized, unwarranted killing of Amilcar Perez Lopez was willful and done with a deliberate disregard for the rights and safety of Amilcar Perez Lopez, and therefore warrants the imposition of punitive damages as to Defendants TIFFE and REBOLI.

37.     After being shot by Defendants TIFFE and REBOLI, Amilcar Perez Lopez endured great physical and emotional pain and suffering.

38.     Accordingly, Defendants TIFFE and REBOLI are liable to Plaintiff for compensatory damages pursuant to 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Customs and Practices

### 42 U.S.C. § 1983

### As Against Defendant CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT and DOES 1 through 10

39.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

On and before February 26, 2015, and prior to the killing of Amilcar Perez Lopez, Defendants SAN FRANCISCO, SFPD and Does 1 through 10, and each of them, were aware that Defendants TIFFE and REBOLI had engaged in a custom and practice of callous and reckless use of firearms and other misconduct, as summarized in the paragraphs above.

40.     Defendants SAN FRANCISCO, SFPD and Does 1 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, and of persons in Amilcar Perez Lopez's class,

SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

situation and comparable position in particular, knowingly  maintained, enforced and applied customs and practices of:

    a.     Encouraging, accommodating, or ratifying  the shooting of residents; the use of excessive and unreasonable force, including deadly force;

    b.     Encouraging, accommodating, or facilitating a "code of silence" among SFPD officers/supervisors, pursuant to which false reports were generated and excessive and unreasonable force was covered up;

    c.     Employing and retraining, as police officers and other personnel, including individuals such as Defendants TIFFE and REBOLI, who said Defendants knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating members of the public;

    d.     Inadequately supervising, training, and disciplining SFPD police officers, including Defendants TIFFE and REBOLI, who said Defendants knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    e.     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling intentional misconduct by officers;

    f.     Assigning police officers with known histories of misconduct, including criminal conduct, in accord with SFPD custom of assigning these police officers to come into contact with members of the public;

    g.     Ratifying wrongful conduct by police officers and supervisors which result in serious injuries and death to members of the  public, civil litigation judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct; and

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     h.     Failing to discipline, investigate and take corrective actions against SFPD police officers for misconduct, including, but not limited to, unlawful detention, excessive force and false reports.

41.     By reason of the aforementioned customs and practices, Plaintiffs were severely injured and subjected to pain and suffering as alleged above in the First Claim for Relief.

42.     Defendants SAN FRANCISCO, SFPD and Does 1 through 10, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

43.     Plaintiffs are informed and believe and thereon allege that Defendants TIFFE and REBOLI each had a history and propensity for acts of the nature complained of herein and manifested such propensity prior to and during their employment and/or agency with Defendant SAN FRANCISCO. Plaintiffs are further informed and believe and thereon allege that Defendants SAN FRANCISCO, SFPD, and Does 1through 10, knew, or in the exercise of reasonable care should have known, of such prior history and propensity at the time such individuals were hired and/or during the time of their employment. These Defendants' disregard of this knowledge and/or failure to adequately investigate and discover and correct such facts caused the violation of Plaintiffs' constitutional rights.

44.     The policies, practices, and customs implemented and maintained and still tolerated by Defendants SAN FRANCISCO, SFPD and Does 1 through 10, and

14

each of them, were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiffs.

45.     By reason of the aforementioned acts and omissions, Amilcar Perez Lopez was shot and killed by Defendants TIFFE and REBOLI.

46.     Accordingly, Defendant SAN FRANCISCO is liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

**THIRD CLAIM FOR RELIEF**

**Supervisory Liability for Ratification and**

**Failure to Train, Supervise and Discipline**

**42 U.S.C. § 1983**

**As Against Defendant CHIEF GREG SUHR, and DOES 1 through 10**

47.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

48.     On and before February 26, 2015, and prior to the killing of Amilcar Perez Lopez, Defendant CHIEF SUHR and Does 1 through 10, and each of them, were aware that Defendants TIFFE and REBOLI had engaged in a custom and practice of callous and reckless use of firearms and other misconduct, as summarized in the paragraphs above.

49.     Defendant CHIEF SUHR and Does 1 through 10 are sued in their individual and personal capacities as supervisors and line officers on duty at the time of the shooting of Amilcar Perez Lopez, and for their ongoing duties as supervisors responsible for the investigation of the shooting and killing of Amilcar Perez Lopez by Defendants TIFFE and REBOLI.

50.     As described in more detail in the paragraphs above, Defendant CHIEF SUHR was presented with physical evidence unequivocally confirming that all six shots entering the back of Amilcar's upper torso and head, and despite this glaring example of excessive force, and in light of the circumstances, CHIEF SUHR ratified

1    the conduct of Defendants TIFFE and REBOLI to ensure that said Defendants did not

2    receive any meaningful discipline.

3       51.     CHIEF SUHR is sued in his individual and personal capacity. CHIEF

4    SUHR knew or reasonably could have known, of his subordinates' ongoing

5    constitutional violations, use of excessive force on members of the public, failure to

6    investigate incidents involving use of force. CHIEF SUHR failed to act to prevent

7    these acts and he acquiesced, condoned or ratified a custom, practice or policy of

8    ongoing misconduct by his subordinates, including Defendants TIFFE and REBOLI.

9    CHIEF SUHR is sued in his individual capacity for his own culpable action or

10    inaction in the training, supervisor, or control of his subordinates. CHIEF SUHR is

11    also sued for his acquiescence in the constitutional deprivations as alleged herein

12    and/or conduct that showed a reckless or callous indifference to the rights of persons

13    by implementation of policies, rules or directives. CHIEF SUHR's actions and/or

14    inactions set in motion a series of acts by others, which he knew or reasonably should

15    have known, would cause others to inflict the constitutional violations alleged herein

16       52.     Plaintiffs are informed and believe and thereon allege that prior to the

17    incident alleged herein, on or before February 26, 2015, and subsequent hereto,

18    CHIEF SUHR knew or reasonably should have known, that SAN FRANCISCO

19    police officers, including Defendants TIFFE and REBOLI, in the course and scope of

20    their employment under color of law, committed similar acts of using unjustified

21    excessive and deadly force, failure to investigate officer misconduct and violation of

22    constitutional rights, which wrongful conduct resulted in ongoing use of excessive

23    force against members of the public.

24       53.     Defendants CHIEF SUHR and Does 1 through 10, and each of them,

25    acting with deliberate indifference to the rights and liberties of the public in general,

26    and of the present Plaintiffs, and of persons in Amilcar Perez Lopez's class, situation

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  and comparable position in particular, knowingly maintained, enforced and applied

2  customs and practices of:

3      a. Ratifying wrongful conduct by police officers and supervisors which

4          result in serious injuries and death to members of the  public, civil

5          litigation judgments and settlements by failing to implement corrective

6          action to prevent repetition of the wrongful conduct;

7      b. Failing to discipline, investigate and take corrective actions against

8          SFPD police officers for misconduct, including, but not limited to,

9          unlawful detention, excessive force and false reports;

10      c. Ratifying investigative reports and diagrams designed to vindicate the

11          use of force against members of the public, regardless of whether such

12          acts were justified;

13      d. Ratifying investigative reports and diagrams which uncritically rely

14          solely on the word of officers involved in the aforementioned

15          confrontations and which systematically fail to credit testimony by non-

16          officer witnesses;

17      e. Ratifying investigative reports and diagrams which omit factual

18          information and physical evidence which contradicts the accounts of the

19          involved officers, including contradictory physical evidence revealed

20          from autopsy reports;

21      f. Issuing false public statements exonerating officers and other personnel

22          involved in such incidents even after being presented with contradictory

23          reliable physical evidence, such as autopsy reports;

24      g. Employing and retraining, as police officers and other personnel,

25          including individuals such as Defendants TIFFE and REBOLI, who said

26          Defendants knew or reasonably should have known had dangerous

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1     propensities for abusing their authority and for mistreating members of
2     the public; and

3     h.     Inadequately supervising, training, controlling, assigning, and
4            disciplining SFPD police officers, including Defendants TIFFE and
5            REBOLI, who said Defendants knew or in the exercise of reasonable
6            care should have known had the aforementioned propensities and
7            character traits.

8     54.    By reason of the aforementioned customs and practices, Plaintiffs were
9     severely injured and subjected to pain and suffering as alleged above in the First
10    Claim for Relief.

11    55.    By reason of the aforementioned acts and omissions, Amilcar Perez
12    Lopez was shot and killed by Defendants TIFFE and REBOLI.

13    56.    Accordingly, Defendant SAN FRANCISCO is liable to Plaintiffs for
14    compensatory damages pursuant to 42 U.S.C. § 1983, and Defendant CHIEF SUHR
15    is liable to Plaintiffs for punitive damages pursuant to 42 U.S.C. § 1983.

16                          **FOURTH CLAIM FOR RELIEF**
17                      **Interference with Familial Integrity**
18                       **Substantive Due Process Violation**
19                              **42 U.S.C. § 1983**
20    **As Against Defendants C. TIFFE, E. REBOLI, CHIEF GREG SUHR,**
21    **CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE**
22                   **DEPARTMENT and DOES 1 through 10**

23    57.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set
24    forth herein.

25    58.    The present claim is brought pursuant to 42 U.S.C. § 1983, for violation
26    of the right of familial integrity guaranteed by the Fourteenth Amendment of the
27    United States Constitution.

28    ///

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

59.     As alleged above, the shooting and killing of Amilcar Perez Lopez was unreasonable under the circumstances of the encounter between Amilcar Perez Lopez and Defendants TIFFE and REBOLI.  As such, the shooting and killing of Amilcar Perez Lopez violated the constitutional limits on police use of deadly force in violation of the Fourth Amendment's limits on unreasonable seizures.

60.     At the same time, the shooting and killing of Amilcar Perez Lopez by Defendants TIFFE and REBOLI violated the rights of Plaintiffs JUAN PEREZ and MARGARITA PEREZ LOPEZ to be free from police interference in their relationship with Amilcar Perez Lopez.

61.     The unreasonable conduct of Defendants TIFFE and REBOLI was the direct and proximate cause of the death of Amilcar Perez Lopez. As a result of the unreasonable conduct of Defendants TIFFE and REBOLI, Plaintiffs lost Amilcar Perez Lopez, as well as his love, affection, society and moral support.

62.     The unreasonable conduct of these Defendants was willful and done with a deliberate disregard for the rights and safety of Amilcar Perez Lopez and the present Plaintiffs and therefore warrants the imposition of punitive damages as to Defendants TIFFE and REBOLI.

63.     Accordingly, Defendants CITY AND COUNTY OF SAN FRANCISCO and DOES 1 through 10 are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

### FIFTH CLAIM FOR RELIEF

### ASSAULT & BATTERY

### Against Defendants C. TIFFE, E. REBOLI,

### CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT and DOES 1 through 10

64.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

///

19

65.     This cause of action arises under the general laws and Constitution of the State of California.  Plaintiffs have complied with the California Tort Claims Act requirements.

66.     Defendants TIFFE and REBOLI assaulted and battered Amilcar Perez-Lopez, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Amilcar Perez Lopez by unreasonably and unjustly shooting and killing Amilcar Perez Lopez.

67.     These acts were undertaken by Defendants TIFFE and REBOLI intentionally and without justification.

68.     As a result of these deliberate and unjustified acts undertaken by Defendants TIFFE and REBOLI, Amilcar Perez Lopez endured great physical and emotional pain and suffering.

69.     These deliberate and unjustified acts undertaken by Defendants TIFFE and REBOLI were willful and done with a deliberate disregard for the rights and safety of Amilcar Perez Lopez and, therefore, warrant the imposition of punitive damages as to Defendants TIFFE and REBOLI.

70.     Defendants CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO POLICE DEPARTMENT are liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

### SIXTH CLAIM FOR RELIEF
### WRONGFUL DEATH
**Against Defendants C. TIFFE, E. REBOLI, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT and DOES 1 through 10**

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1      71.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set

2  forth herein.

3      72.    This cause of action arises under the general laws and Constitution of the

4  State of California.  Plaintiffs have complied with the California Tort Claims Act

5  requirements.

6      73.    Defendants TIFFE and REBOLI, while working as police officers of the

7  SFPD, and acting within the course and scope of their duties, employed negligent

8  tactics and intentionally and/or without due care shot Amilcar Perez Lopez.  The

9  shooting resulted as a result of Defendants TIFFE and REBOLI's unsafe, improper

10  and negligent tactics.  As a result of these intentional acts and negligence, Amilcar

11  Perez Lopez suffered serious injuries and lost his life.  Defendants TIFFE and

12  REBOLI had no legal or reasonable justification for their actions.

13      74.    As a direct and proximate result of the conduct of Defendants REBOLI

14  and TIFFE, Amilcar Perez Lopez lost his life.  Plaintiffs have been deprived of the

15  life-long love, affection, comfort, and society of Amilcar Perez Lopez, and will

16  continue to be so deprived for the remainder of their natural lives.  Plaintiffs were

17  further caused to pay funeral and burial expenses as a result of the conduct of

18  Defendants REBOLI and TIFFE.

19      75.    Defendants CITY AND COUNTY OF SAN FRANCISCO and SAN

20  FRANCISCO POLICE DEPARTMENT are vicariously liable for the wrongful,

21  intentional and/or negligent acts of Defendants REBOLI and TIFFE, and DOES 1

22  through 10, pursuant to California Government Code § 815.2, which provides that a

23  public entity is liable for the injuries caused by its employees within the scope of the

24  employment if the employee's act would subject him or her to liability.

## SEVENTH CLAIM FOR RELIEF

### SURVIVORSHIP

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**Against Defendants C. TIFFE, E. REBOLI, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT and DOES 1 through 10**

76.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

77.     This cause of action arises under the general laws and Constitution of the State of California.  Plaintiffs have complied with the California Tort Claims Act requirements.

78.     Plaintiffs Estate of Amilcar Perez Lopez, by and through successors in interest, Juan Perez and Margarita Perez Lopez, and Juan Perez and Margarita Perez Lopez, are the legal heirs and successors in interest of Amilcar Perez Lopez, and the present claim is brought by them as the legal heirs and successors in interest of Amilcar Perez Lopez as permitted by of the California Code of Civil Procedure § 377.30.

79.     On February 26, 2015, Amilcar Perez Lopez lost his life and causes of action arose in his favor before he died.  Amilcar Perez Lopez would have been a Plaintiff in this action, had Defendants TIFFE and REBOLI not shot and killed him.

80.     On February 26, 2015, and for a measurable period of time before the death of Amilcar Perez Lopez, personal property of his was damaged or destroyed, and while alive said decedent had valid claims and causes of action to recover damages for, among other things, personal property damage, and prejudgment interest as allowed by law and costs of suit.

81.     The conduct of all the Defendants as herein set forth above was tortious in that, among other things, Defendants REBOLI and TIFFE deliberately shot Amilcar Perez Lopez without cause or justification, or otherwise contributed to the shooting as spelled out herein above.

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

82.     Said conduct was the direct and proximate cause of the damages suffered by decedent Amilcar Perez Lopez, as alleged above, which were sustained and incurred for a measurable period of time by him before his death.  Plaintiffs, therefore, seek recovery for personal property damages, and all other related expenses, damages, and losses, including punitive damages, as permitted by Code of Civil Procedure § 377.34, against the present non-government entity Defendants, according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A.     For compensatory damages, including pre-death pain and suffering damages, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and State of California, in an amount to be determined at trial;

B.     For punitive damages against Defendants C. TIFFE and E. REBOLI pursuant to 42 U.S.C. § 1983, and any other applicable laws or status, in an amount sufficient to deter and make an example of each non-government entity Defendant;

C.     For prejudgment interest to be determined at trial;

D.     For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and

E.     For such further other relief as the Court may deem just, proper, and appropriate.


Dated: December 1, 2015                    CASILLAS & ASSOCIATES


                                           By _/s/ Arnoldo Casillas_____
                                           ARNOLDO CASILLAS
                                           DENISSE O. GASTÉLUM

23

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1

2

3

4

Attorneys for Plaintiffs, ESTATE OF
AMILCAR PEREZ LOPEZ, by and through
successors in interest, JUAN PEREZ and
MARGARITA LOPEZ PEREZ; JUAN
PEREZ, individually; MARGARITA LOPEZ
PEREZ, individually

5

6

7

Dated: December 1, 2015                    JONATHAN D. MELROD, ESQ.

8

9

10

11

12

13

By ___/s/ Jonathan D. Melrod_____
JONATHAN D. MELROD
Attorneys for Plaintiffs, ESTATE OF
AMILCAR PEREZ LOPEZ, by and through
successors in interest, JUAN PEREZ and
MARGARITA LOPEZ PEREZ; JUAN
PEREZ, individually; MARGARITA LOPEZ
PEREZ, individually

14

15

Dated: December 1, 2015                    WILLIAM M. SIMPICH, JR., ESQ.

16

17

18

19

20

21

By ___/s/ William M. Simpich_____
WILLIAM M. SIMPICH, JR.
Attorneys for Plaintiffs, ESTATE OF
AMILCAR PEREZ LOPEZ, by and through
successors in interest, JUAN PEREZ and
MARGARITA LOPEZ PEREZ; JUAN
PEREZ, individually; MARGARITA LOPEZ
PEREZ, individually

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiffs ESTATE OF AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ, and JUAN PEREZ, and MARGARITA LOPEZ PEREZ hereby demand trial by jury.

Dated: December 1, 2015                    CASILLAS & ASSOCIATES

                                           By _/s/ Arnoldo Casillas_____
                                           ARNOLDO CASILLAS
                                           DENISSE O. GASTÉLUM
                                           Attorneys for Plaintiffs, ESTATE OF
                                           AMILCAR PEREZ LOPEZ, by and through
                                           successors in interest, JUAN PEREZ and
                                           MARGARITA LOPEZ PEREZ; JUAN
                                           PEREZ, individually; MARGARITA LOPEZ
                                           PEREZ, individually

Dated: December 1, 2015                    JONATHAN D. MELROD, ESQ.

                                           By __/s/ Jonathan D. Melrod_____
                                           JONATHAN D. MELROD
                                           Attorneys for Plaintiffs, ESTATE OF
                                           AMILCAR PEREZ LOPEZ, by and through
                                           successors in interest, JUAN PEREZ and
                                           MARGARITA LOPEZ PEREZ; JUAN
                                           PEREZ, individually; MARGARITA LOPEZ
                                           PEREZ, individually

Dated: December 1, 2015                    WILLIAM M. SIMPICH, JR., ESQ.

                                           By __/s/ William M. Simpich_____
                                           WILLIAM M. SIMPICH, JR.
                                           Attorneys for Plaintiffs, ESTATE OF
                                           AMILCAR PEREZ LOPEZ, by and through
                                           successors in interest, JUAN PEREZ and
                                           MARGARITA LOPEZ PEREZ; JUAN

25

1

PEREZ, individually; MARGARITA LOPEZ
PEREZ, individually

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTÉLUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3500 W. Beverly Blvd.
Montebello, CA 90640
Tel: (323) 725-0917; Fax: (323) 725-0350
Email: acasillas@casillaslegal.com

JONATHAN D. MELROD, ESQ., SBN 136441
1313 Scheibel Ln.
Sebastopol, CA 95472
Tel: (415) 806-0154
Email: jonathan4536@sbcglobal.net

WILLIAM M. SIMPICH, JR., ESQ., SBN 106672
1736 Franklin St., 10th Floor
Oakland, CA 94612
Tel: (510) 444-0226
Email: bsimpich@gmail.com

Attorneys for Plaintiffs, ESTATE OF AMILCAR PEREZ LOPEZ, by and through
successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ; JUAN
PEREZ, individually; MARGARITA LOPEZ PEREZ, individually

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AMILCAR PEREZ LOPEZ, by and through successors in interest, JUAN PEREZ and MARGARITA LOPEZ PEREZ; JUAN PEREZ, individually; MARGARITA LOPEZ PEREZ, individually;<br><br>Plaintiffs,<br><br>vs. | **CASE NO.  3:15-cv-01846 HSG**<br><br>**ORDER  RE:**<br>**STIPULATION OF THE PARTIES**<br>**FOR LEAVE TO FILE SECOND**<br>**AMENDED COMPLAINT** |

1

**[PROPOSED] ORDER RE: STIPULATION OF THE PARTIES FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

CHIEF OF POLICE GREG SUHR;     )
CITY AND COUNTY OF SAN         )
FRANCISCO; SAN FRANCISCO       )
POLICE DEPARTMENT; OFFICER     )
CRAIG TIFFE (Badge No. 1312);  )
OFFICER ERIC REBOLI (Badge No. )
1651), and DOES 1 to 10,       )
                               )
                Defendants.    )
_____ )

**GOOD CAUSE APPEARING AND THE PARTIES HAVING STIPULATED:**

Having considered the Stipulation of the Parties to allow Plaintiffs to file their Second Amended Complaint, the Court hereby orders that Plaintiffs have leave to file their Second Amended Complaint without the need for a formal motion.  The Court hereby orders Plaintiffs to e-file the attached Second Amended Complaint (Exhibit "1") on the docket and upon e-filing it will be deemed served.

The Court further orders that Defendants shall be given thirty (30) days as of the date the order is signed to file and serve a responsive pleading.

SO ORDERED.

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated:  December 4, 2015         By: _____.
                                    The Honorable Haywood S. Gilliam, Jr.
                                    United States District Judge

2