UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AMILCAR PEREZ LOPEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GREG SUHR, et al., <br><br> Defendants. | Case No. 15-cv-01846-HSG <br><br> **ORDER PARTIALLY LIFTING TEMPORARY STAY** <br><br> Re: Dkt. No. 50 |

Plaintiffs filed this action on April 24, 2015. Dkt. No. 1. The operative complaint asserts § 1983 claims against Defendant officers Craig Tiffe and Eric Reboli (together, "Officers"), for excessive force and unreasonable seizure under the Fourth Amendment, a municipal liability claim under § 1983 against Defendants San Francisco and the San Francisco Police Department ("SFPD") for unconstitutional customs and practices, a supervisory liability claim under § 1983 against Defendant Suhr (the former Chief of the SFPD) for ratification of the Officers' shooting and for the failure to train, supervise and discipline the Officers, and a § 1983 claim against all Defendants for interference with familial integrity in violation of substantive due process, assault and battery, and survivorship. *Id.*

At the beginning of the case, the parties notified the Court of an ongoing criminal investigation regarding the shooting of Mr. Perez Lopez. *See* Dkt. Nos. 19, 20. On November 9, 2015, the Court stayed all disclosures and discovery in this matter for 60 days. Dkt. No. 34. On December 9, 2015, the Court extended that stay of discovery until January 12, 2016, when the parties were scheduled to appear for a status conference. Dkt. No. 39. During that conference, the parties stipulated to extend the discovery stay until March 22, 2016, when the parties again were scheduled to appear for a status conference. Dkt. No. 44. On March 22, 2016, the Court directed

the parties to file a discovery plan by April 19, 2016, produce non-*Monell* initial disclosures by April 26, 2016, and appear on the latter date for a status hearing. Dkt. No. 47.

Following the April hearing, the Court issued an order staying all discovery directed at the Officers, including written discovery and depositions, until June 1, 2016. Dkt. No. 50. In addition, the Court bifurcated the trial of the individual liability claims against the Officers (for excessive force, assault and battery, interference with familial integrity, wrongful death, and survivorship) from the *Monell* and supervisory liability claims against San Francisco, Chief Suhr, and the SFPD, and therefore stayed all discovery on any issues that pertain exclusively to the *Monell* and supervisory liability claims. *Id.* On June 1, 2016, the Court issued an order maintaining the April 2016 stay. Dkt. No. 56. On November 15, 2016, the parties appeared for a status conference, and the Court ordered that the case remain stayed for an additional sixty (60) days. Dkt. No. 63. On January 17, 2017, the Court again ordered that the case remain stayed until the end of February 2017, and the matter was set for a further status conference on March 7, 2017. Dkt. No. 69.

Given that no charging decisions have yet been made by the San Francisco District Attorney's office with regard to the Officers, the Court must decide whether any further stay of discovery and disclosures is warranted. *See* Dkt. No. 71. In their two most recent case management conference statements, Defendants requested an extension of the stay while Plaintiffs requested that the stay be lifted. Dkt. Nos. 65, 71. The parties reiterated their positions at the status hearing held on March 7, 2017, and the Court has carefully considered their arguments. Dkt. No. 74. For the reasons set forth below, the Court partially **LIFTS** the temporary stay on discovery.

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Using this power, one case may be stayed in favor of another. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending

2

1  resolution of independent proceedings which bear upon the case.  This rule applies whether the
2  separate proceedings are judicial, administrative, or arbitral in character, and does not require that
3  the issues in such proceedings are necessarily controlling of the action before the court.").  "The
4  Constitution does not ordinarily require a stay of civil proceedings pending the outcome of
5  criminal proceedings."  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)
6  (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).  "In the
7  absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil
8  and criminal] proceedings are unobjectionable under our jurisprudence."  *Id.* (brackets in original).
9  "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests
10  of justice seem [] to require such action."  *Id.* (brackets in original).

11        "The decision whether to stay civil proceedings in the face of a parallel criminal
12  proceeding should be made in light of the particular circumstances and competing interests
13  involved in the case.  This means the decisionmaker should consider the extent to which the
14  defendant's fifth amendment rights are implicated."  *Id.* (internal quotation marks omitted).  "In
15  addition, the decisionmaker should generally consider the following factors: (1) the interest of the
16  plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the
17  potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the
18  proceedings may impose on defendants; (3) the convenience of the court in the management of its
19  cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil
20  litigation; and (5) the interest of the public in the pending civil and criminal litigation."  *Id.* at 324-
21  25 (internal citations and quotation marks omitted).

22        When a party moves to stay only discovery and not the entire proceeding, the "good cause"
23  standard of the protective order provision of Federal Rule of Civil Procedure 26(c) controls.  *Gray*
24  *v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *see also* Fed. R. Civ. P. 26(c) ("The
25  court may, for good cause, issue an order to protect a party . . . forbidding inquiry into certain
26  matters, or limiting the scope of disclosure or discovery to certain matters[.]").  "A party seeking a
27  stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be
28  denied."  *Id.* (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  When a

discovery stay is sought in light of an actual or potential parallel criminal proceeding, the Court frames its analysis of whether Defendants have met their "heavy burden" under Rule 26(c) using the framework set forth in *Keating*. *See, e.g.*, *Square 1 Bank v. Lo*, No. 12-cv-05595, 2014 WL 7206874, at *1 (N.D. Cal. Dec. 17, 2014) (applying *Keating* analysis to find that a discovery stay was appropriate pending resolution of a parallel and ongoing criminal proceeding).

Applying the factors set forth in *Keating*, the Court finds that good cause no longer exists under Rule 26(c) to continue the entire temporary stay on discovery in this case. While the Court previously found that on balance the *Keating* factors weighed in favor of granting and extending a stay, the first and fifth *Keating* factors regarding the Plaintiffs' and the public's interest in the expeditious resolution of this litigation now tip the balance in the opposite direction. In particular, the Court finds that further extension of the stay, which has now been in place for well over a year, would unreasonably delay the resolution of a case in which the public has a strong interest, particularly in light of the fact that no criminal litigation is pending. *See Molinaro*, 889 F.2d at 903 (finding no abuse of discretion by the district court in concluding that "the public would be frustrated by further delay" where there was no indictment pending). Given the passage of time, the Court cannot predict with any certainty when the District Attorney will make a charging decision in the criminal investigation.

Accordingly, the Court hereby **LIFTS** the stay of discovery directed at the Officers under its Rule 26(c) authority. The stay as to all discovery on any issues that pertain exclusively to the *Monell* and supervisory liability claims remains in place, for the reasons explained in the Court's April 26, 2016 order bifurcating the derivative liability claims. Dkt. No. 50.

**IT IS SO ORDERED.**

Dated: 3/14/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

4