UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AMILCAR PEREZ LOPEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREG SUHR, et al.,<br><br>Defendants. | Case No. 15-cv-01846-HSG (JSC)<br><br>**ORDER GRANTING DEPOSITION TESTIMONY OF MATERIAL THIRD PARTY WITNESS**<br><br>Re: Dkt. No. 79 |

This case arises out of the officer involved shooting of Amilcar Perez-Lopez ("Lopez") by San Francisco police officers Craig Tiffe and Eric Reboli (collectively, "Defendants"). The parties jointly seek an order compelling the deposition of third party witness Abraham Perez ("Perez") who is currently in custody on unrelated criminal charges. (Dkt. No. 79 at 1.) Perez's counsel contacted defense counsel and on Mr. Perez's behalf asserted Fifth Amendment objections to the deposition testimony sought by the parties. Perez's counsel, however, has not contacted the Court regarding such objections. At this stage, there is no evidence that Perez's deposition could be used in criminal prosecution or could lead to other evidence that could be so used; therefore the Court GRANTS the parties' request to compel Perez's deposition.

## BACKGROUND

On February 26, 2015, Defendants responded to a call regarding a male individual allegedly chasing another man with a knife. (*Id*.) The individual with the alleged knife was Amilcar Perez-Lopez. (*Id*.) The person he was allegedly chasing was third party witness Perez. Defendants eventually shot Lopez. (*Id*.) Perez witnessed the shooting and made statements regarding the incident. (*Id*. at 2.) Both parties seek the deposition of Perez. (*Id*.)

Defendants recently located Perez in custody at the San Francisco County Jail under a

1  different name. (*Id*.) He is in custody on unrelated criminal charges. (*Id*.) On April 17, 2017,
2  defendants hand served a deposition subpoena on Perez for a deposition at the County Jail to take
3  place on April 27, 2017. (*Id*.) On April 25, 2017, Rebecca Young, a public defender representing
4  Perez on unrelated criminal charges, contacted defense counsel. Ms. Young wrote that she will
5  advise Perez to assert his Fifth Amendment privilege against self-incrimination at the deposition.
6  (Dkt. No. 79-1.) Also on April 25, 2017, Mr. Lewis Romero, a private attorney, contacted defense
7  counsel stating he was representing Perez in regards to the deposition. (Dkt. No. 79 at 2.)

        The next day, Mr. Romero advised defense counsel that he would instruct his client to assert his Fifth Amendment right to silence in response to all deposition questions. (Dkt. No. 79-2.) Mr. Romero also requested that the deposition be postponed in order to meet and confer regarding the parameters. (*Id*.) Defense counsel agreed to continue Perez's deposition in order to meet and confer with Mr. Romero about the scope of the deposition and legal basis for asserting the Fifth Amendment privilege. (*Id*.) Defense counsel contacted Mr. Romero again on May 2, 2017, however Mr. Romero has not responded. (Dkt. Nos. 79 at 2, 79-3.) The parties then filed a joint discovery letter to this Court seeking an order to compel Perez's deposition. (Dkt. No. 79.) Perez's attorneys were copied on the discovery letter, but have not contacted the Court. (Dkt. No. 79 at 5.)

## DISCUSSION

        As with discovery generally, deposition questions may relate to "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In the civil context, the invocation of the Fifth Amendment privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner. *See United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995). The privilege extends to those witnesses who have "reasonable cause to apprehend danger from a direct answer" but it does not protect those who fear "a danger of imaginary and insubstantial character." *Ohio v. Reiner*, 532 U.S. 17, 21 (2001).

        There is no evidence before the Court that counsel's questions will touch upon information

that could be used in a criminal prosecution of Perez. Should any questions touch on information related to a separate criminal proceeding or potential criminal proceeding, Perez's attorney may object accordingly. If Perez's attorney instructs his client to not answer, Defendants' remedy is to make a motion to compel answers. *See* Fed. R. Civ. P. 37(a)(3) & (4); *see also Estrada v. Rowland* (9th Cir. 1995) 69 F.3d 405, 406. Accordingly, the Court grants the parties' motion to compel Perez's deposition.

Defendants' have also filed an administrative motion to file under seal transcripts of Perez's recorded audio statements to the police. (Dkt. No. 80.) The Ninth Circuit uses the "good cause" test for documents that a party obtained through discovery and attached to a non-dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (2006). Under Civil Local Rule 79–5(b) a party designating material as confidential "must file a declaration as required by subsection 79–5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* § 79–5(e)(1). Defendants argue that because the audio files were transcribed by counsel the transcripts are attorney work product. "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *In re Grand Jury Subpoena,* 357 F.3d 900, 906 (9th Cir. 2004). Here, Defendants' submitted a declaration stating the transcripts were prepared by defense counsel. (Dkt. No. 80-1 at ¶3). Therefore, the Court concludes the transcripts are attorney work product and grants Defendants' motion to file under seal.

## CONCLUSION

For the reasons stated above, the Court GRANTS the parties' request to compel the deposition of Perez and Defendants' motion to file under seal the transcripts of Perez's statements to the police.

This Order disposes of Docket No. 79.

**IT IS SO ORDERED.**

Dated: June 15, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge