UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF AMILCAR PEREZ LOPEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GREG SUHR, et al., <br><br> Defendants. | Case No. 15-cv-01846-HSG (JSC) <br><br> **ORDER DENYING PARTIES' MOTION TO COMPEL** <br><br> Re: Dkt. No. 99 |

Plaintiff and Defendants seek certain documents from non party San Francisco District Attorney's Office. After considering the parties' written submission, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b) and DENIES the parties' motion to compel documents from the District Attorney except for the 3D Forensics animation.

1.  The District Attorney has met its burden of establishing that his memoranda summarizing witness interviews are protected work product. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The District Attorney's evidence shows that the interviews were done in anticipation of potential criminal charges. (Dkt. No. 99-1 ¶ 3.) The Court finds that they "would not have been generated but for the pendency or imminence of litigation." *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (C.D. Cal. 1995). The parties' reliance on *Anderson v. Marsh,* 312 F.R.D. 584 (E.D. Cal. 2015) is misplaced. In *Anderson*, the court distinguished between two types of investigations of officer-involved shootings: "a criminal investigation and a departmental investigation." *Id.* at 590. The court held that the documents created as part of the departmental investigation by non-attorneys were not entitled to attorney-client or work product protection. *Id.* at 951-53. Here, in contrast, the sought-after documents were generated by the District Attorney as part of a criminal investigation, that is, in anticipation of criminal litigation. *Miller v. Pancucci*,

141 F.RD. 292 (C.D. Cal. 1992) is likewise distinguishable as it involved discoverability of a police department's internal affairs section which conducts "complete, objective investigations and for making fair, impartial evaluations of complaints against police department personnel." *Id.* at 303. The court found that such investigations are conducted regardless of whether litigation is anticipated. *Id.* Not so here. The District Attorney's evidence establishes that the interviews were conducted in anticipation of potential criminal charges.

Although not argued by the parties, fact work product is discoverable upon a showing of substantial need and that the party cannot discover the information on his own without undue hardship. No such showing has been made here.

2. The District Attorney shall produce the 3D Forensics animation of the incident to the parties. While it may be publicly available on YouTube, the District Attorney's production will eliminate any issues as to authenticity.

3. The District Attorney has met his burden of showing that the use of force expert report prepared at the direction of the District Attorney in anticipation of litigation is attorney work product. *See S.E.C. v. Reyes*, No. C06-04435 CRB, 2007 WL 963422, at *1 (N.D. Cal. Mar. 30, 2007) ("When experts serve as litigation consultants, the work-product privilege generally applies to materials reviewed or generated by them in that capacity.") The parties argue, however, that the District Attorney waived that privilege by heavily quoting from the expert's report in the District Attorney's "Summary of Investigation and Legal Analysis of the Fatal Shooting of Amilcar Perez-Lopez" and then making that Summary publicly available. The Court agrees. Although not provided by the parties, the Court located the Summary online. http://sfdistrictattorney.org/sites/default/files/Document/FOLSOM%20STREET%20SUMMARY%20AND%20ANALYSIS_0.pdf (visited August 16, 2017). The disclosure of the expert's conclusion online for everyone to view constitutes a waiver of work product protection. *See Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009).

The deliberative process privilege does not apply. The District Attorney has not submitted an affidavit that satisfies the required showing. *See United States v. Ellis*, No. 13-cr-001818-PJH(DMR), 2017 WL 1164172 (N.D. Cal. March 29, 2017). It cannot make that showing since

the report's conclusion, and thus the expert's impressions and mental processes, has been publicly disclosed.

This Order disposes of Docket No. 99.

**IT IS SO ORDERED.**

Dated: August 16, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge